■   Sang Hyok Kwon et al., Appellants, et al., Plaintiff, v New York Antioch Korean Baptist Church et al., Respondents. [1 NYS3d 317]—

In an action to recover damages for personal injuries, the plaintiffs Sang Hyok Kwon and Myung Hee Kwon, in her individual capacity, appeal from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated July 12, 2013, as granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted by Sang Hyok Kwon and Myung Hee Kwon, in her individual capacity, on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted by Sang Hyok Kwon and Myung Hee Kwon, in her individual capacity, are denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff Sang Hyok Kwon did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address Sang Hyok Kwon's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by Sang Hyok Kwon in opposition were sufficient to raise a triable issue of fact (*see id.*).

The defendants met their prima facie burden of showing that the plaintiff Myung Hee Kwon did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 352; *Gaddy v Eyler*, 79 NY2d at 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbar region of Myung Hee Kwon's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, however,

Myung Hee Kwon raised triable issues of fact as to whether she sustained serious injuries to the lumbar region of her spine (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Therefore, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted by Sang Hyok Kwon and Myung Hee Kwon, in her individual capacity. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.